UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

XEROX CORPORATION,

                         Plaintiff,

v.

HORACE ALEXANDER, JR.,

                         Defendant.

_____

<u>ORDER</u>

17-CV-6827L

**INTRODUCTION**

Plaintiff Xerox Corporation ("Xerox") commenced this action alleging breach of contract against defendant Horace Alexander, Jr., d/b/a L.A. Sounds ("Alexander"). Xerox seeks a money judgment against Alexander for failure to pay monies due under an equipment finance lease, concerning a Xerox Versant 80 Printing Press and a Xerox EX-I Print Server ("equipment").

On December 10, 2017, the Summons and Complaint were personally served upon Alexander's wife at his residence. (Dkt. #4). Alexander has failed to appear or to answer the complaint. An entry of default was entered by the Clerk on April 11, 2018. (Dkt. #9).

Xerox now moves for a default judgment pursuant to Fed. R. Civ. P. 55(b)(2), seeking judgment in the amount of $87,786.37 in damages, and a declaration that Xerox is the lawful owner of, and it entitled to immediately retake possession of, the equipment. (Dkt. #10.) For the reasons set forth below, that motion is granted.

# DISCUSSION

In order to secure a default judgment, a party must first secure the clerk's entry of default by demonstrating, by affidavit or otherwise, that the opposing party is in default. *See* Fed. R. Civ. Proc. 55(a); *Amador v. Galbreath*, No. 10-CV-6702, 2008 U.S. Dist. LEXIS 39174 at *2 (W.D.N.Y. 2008). Once a default has been entered, the Court will accept as true the allegations of the complaint that establish the defendant's liability, and will carefully scrutinize those allegations relating to the amount of damages. *Id.*

As stated, the Clerk of the Court has entered Alexander's default, and Xerox has shown that it is entitled to judgment against Alexander, based on Alexander's failure to respond to the complaint. But the Court cannot merely accept at face value Xerox's assertion that it is entitled to the particular relief it seeks. Rather, "judgment against a defaulting party should be granted only after careful examination of the moving party's claim by the district court. ... Indeed, a defendant's default does not in itself warrant a court in entering a default judgment because there must be a sufficient basis in the pleadings for the judgment entered." *Bianco v. Seaway Indus. Services, Inc.*, No. 03-CV-0084, 2004 WL 912916, at *1 (W.D.N.Y. Apr. 01, 2004) (internal citations and quotations omitted). The Court must therefore evaluate the merits of Xerox's claims and the relief it seeks. *See Wagstaff-el v. Carlton Press Co.*, 913 F.2d 56, 57 (2d Cir. 1990).

Having reviewed the allegations in the complaint, and the terms of the underlying finance lease agreement, I conclude that Xerox is entitled to the relief that it seeks. Xerox has presented evidence, which stands unrebutted, showing that the parties entered into the finance lease, and that Alexander stopped making payments under the lease. Under the terms of the lease, Xerox is

entitled to the remaining amounts due under the lease, plus fees and expenses, as well as possession of the equipment. See Aff. of Charles J. Corrigan (Dkt. #10-1) ¶ 8 and exhibits cited therein.

In short, I am convinced that Xerox has established its claim that Alexander breached the agreement at issue, and that Xerox is entitled to default judgment for the relief sought. See *Nwagboli v. Teamwork Transp. Corp.*, No. 08 Civ. 4562, 2009 WL 4797777, at *5 (S.D.N.Y. Dec. 7, 2009) (breach of contract damages may be awarded without a hearing where the damages amount is "susceptible to mathematical computation").

## CONCLUSION

Plaintiff's motion for default judgment (Dkt. #10) is granted, and the Clerk of the Court is hereby ordered to: (1) enter a default judgment in plaintiff's favor in the amount of $87,786.37, recoverable from defendant Horace Alexander, Jr., d/b/a L.A. Sounds, a/k/a Horace Junior Alexander, d/b/a L.A. Sounds; and (2) enter a default judgment declaring that plaintiff Xerox Corporation is the lawful owner of and is entitled to immediately retake possession of Xerox Versant 80 Printing Press (Serial # B2R090637) and Xerox EX-I Print Server (Serial # P2X533712).

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
   July 23, 2018.